**CHEMICAL BANK NEW YORK TRUST COMPANY, Plaintiff,**

v.

**PUG SAND AND GRAVEL CORPORATION, John Vanderpool, William Jones, Wallace Kerzon, Donald Green, Ralph Barnett, and Paul Hendricks, Defendants.**

**Misc. No. 122.**

United States District Court, D. Nevada.

Nov. 19, 1970.

John S. Castellano, Denver, Colo., for plaintiff.

Ben Klein, Denver, Colo., for defendants John Vanderpool, William Jones and Pug Sand & Gravel Corp.

## ORDER

THOMPSON, District Judge.

Plaintiff has registered with the Clerk of this District a Judgment rendered February 26, 1970, by the United States District Court for the District of Colorado (28 U.S.C. § 1963).

Plaintiff has moved, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, that Archie C. Robison, Sheriff of White Pine County, Nevada, be designated to serve "all process and other papers including, but not limited to, Writs of Garnishment and Writs of Attachment herein and to execute and levy upon the property, goods, chattels, lands and tenements of defendant John Vanderpool * * *." The motion should be denied.

It is the opinion of this Court that the term "all process" in Rule 4(c) is not intended and should not be interpreted to encompass writs authorizing or requiring property to be seized and taken into custodia legis. While process which functions only as notice to a litigant or third party, the obligations of the process server being completed when service is made, may appropriately be accomplished by any qualified person under court authorization, this is not so with respect to process which invokes other duties and responsibilities subject to court supervision and governed by federal statutes. The statutory requirements for bonding a United States Marshal and his deputies (28 U.S.C. § 564), and statutory requirements regarding collection and accounting for fees (28 U.S.C. § 572), the charges for levying upon and keeping seized properties (28 U.S.C. § 1921), and the obligations with respect to judicial sales (28 U.S.C. § 2001, et seq.), for examples, are inapplicable to a person whose sole official connection with court administration is a designation under Rule 4(c) as a person qualified and authorized to make service.

The case of United States for the Use of Tanos v. St. Paul Mercury Insurance Co., 361 F.2d 838 (5th Cir. 1966), is not inconsistent. The Court there held that Rule 4(c) "governs the service of writs of garnishment issued in a proceeding in a federal court", but did not declare that a court should exercise its discretion to direct service by someone other than the United States Marshal. The dissenting opinion clearly is premised on the assumption that the process server's function was completed when the paper was delivered. This is not the case under the broad authorization contemplated in the instant motion. Accordingly,

It hereby is ordered that the motion for designation under Rule 4(c) of a person other than the United States Marshal to make service and levies of writs of execution, attachment and garnishment be, and it hereby is, denied.